UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:07-CR-95 |
| V. | ) | ( Varlan / Guyton) |
| | ) | |
| JOHN WESLEY IRONS, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On December 11, 2007, this case came before the Court for the conclusion of an evidentiary hearing on issues of evidence suppression. Defendant John Wesley Irons was present with his attorney Gregory P. Isaacs. Assistant United States Attorney J. Edgar Schmutzer represented the government. At the conclusion of the hearing, the parties requested leave to file post-hearing briefs after a review of the record and transcript of testimony. The Court found this request well-taken and established January 30, 2008, as the deadline for filing any post-hearing briefs for the Court's consideration. Counsel shall consult with chambers to schedule a date for a status conference to address the January 14, 2008, trial date in light of the status of the pending motions.

Prior to the hearing, Mr. Irons filed Motion in Limine Regarding Cross Examination of the Accused [Doc. 39]. Mr. Irons requested two rulings from the Court. First, that the government's cross-examination of the defendant at the suppression hearing, should he chose to testify, be limited to the scope of matters addressed by his direct testimony, pursuant to Federal Rules of Evidence,

Rule 104.  Second, that the United States be prohibited from using Mr. Irons' testimony at the suppression hearing as substantive evidence of his guilt at trial, citing Simmons v. United States, 390 U.S. 377 (1968).

Prior to the testimony of Mr. Irons at the hearing, the Court held that the government's cross-examination must be limited to the scope of Mr. Irons' direct examination.  The Court reserved the remaining evidentiary issue for the Honorable Thomas A. Varlan, United States District Judge, who will preside over the trial of this case.  Accordingly, Mr. Irons' Motion in Limine Regarding Cross Examination of the Accused **[Doc. 39]** is **GRANTED** in part and **RESERVED** in part.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge