UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-95 |
| V. | ) | ( Varlan / Guyton) |
| | ) | |
| JOHN WESLEY IRONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court upon John Wesley Irons' Motion To Reopen Evidentiary Hearing [Doc. 52]. The government has responded in opposition [Doc. 55].

The decision on whether to reopen an evidentiary hearing is within the discretion of the court. United States v. Blankenship, 775 F.2d 735, 740-741 (6th Cir. 1985). The most important consideration is whether the opposing party is prejudiced by reopening. Id.

In the present case, the defendant seeks to reopen the evidentiary hearing on a suppression motion, prior to the Court ruling on the suppression motion, to address matters which appear to have occurred after the initial hearing concluded, but which may relate to testimony given in the earlier hearing. The Court finds that there is little or no prejudice to the government in allowing the hearing to be reopened under those circumstances. The Court would make the same finding if the government, rather than the defendant, was seeking to reopen the hearing for the same purpose.

Accordingly, the Court finds that the Motion To Reopen Evidentiary Hearing [Doc. 52] is well-taken and is **GRANTED**.  The Court will contact the parties to schedule the hearing.

**IT IS SO ORDERED.**

ENTER:

	s/ H. Bruce Guyton
United States Magistrate Judge