IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )
                                   )
        v.                         )          No. 3:07-CR-95
                                   )
JOHN WESLEY IRONS,                 )          (VARLAN/GUYTON)
                                   )
                    Defendant.     )

## MEMORANDUM  AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate.  This case is before the Court on three non-evidentiary motions filed

by the defendant:   Motion for Severance [Doc. 22], Motion for Pre-trial Written Disclosure of

Evidence of Other Crimes, Wrongs or Acts, and for a Pre-trial Hearing on the Admissibility of Such

Evidence [Doc. 26], and Request for Discovery, Inspection, and Notice of Intent to Use Evidence

[Doc. 27].  The parties appeared before the Court for a motion and suppression hearing on October

30, 2007.  At that time, the Court denied these motions [Docs. 22, 26, and 27] from the bench, noting

that an order would follow.  This order reflects the formal disposition of those motions.


## I.  SEVERANCE

The defendant requests [Doc. 22] that the Court sever the 2002 offenses (Counts Nine

through Fourteen) from the 2007 offenses (Counts One through Eight) for a separate trial.  He

1

contends that although the offenses are of similar character, the eight counts relating to the 2007 fires are alleged to have occurred five years before the remaining counts. Furthermore, all three of the alleged fires occurring in 2002 damaged three-tenths of an acre of forest, whereas the 2007 offenses are alleged to have resulted in damage to approximately ninety-nine acres. The defendant argues that a trial of the 2002 offenses with the 2007 offenses would prejudice him because it could result in the jury improperly considering circumstantial evidence for some offenses to infer the defendant's guilt on others.

The government responds [Doc. 31] that the offenses are properly joined and that they should remain joined because the defendant has alleged no substantial prejudice. It asserts that all of the offenses resulted from a "walk-set" method of starting a fire. Each involved a time-delay method of starting the fire, which allowed the perpetrator time to flee. It maintains that evidence of the individual offenses would be admissible in a separate trial of the other offenses because they show the defendant's *modus operandi* and, thus, aid in identifying him as the arsonist. It contends that this case is not so complex that a single trial of all fourteen offenses would confuse the jury. Finally, it argues that the five-year time period between the 2002 offenses and the 2007 offenses is immaterial.

The defendant is charged [Doc. 3] with seven counts of maliciously damaging and destroying government property while creating a substantial risk of injury to another and with seven counts of setting fire to timber. These counts relate to fires in the Cherokee National Forest occurring on August 13, 2002 (counts 9-12), August 14, 2002, (counts 13-14), and March 31, 2007 (counts 1-8). The fires in 2002 are alleged to have damaged 0.3 acres of the national forest, while the 2007 fires are alleged to have damaged a total of 99.1 acres.

2

Rule 8(a) of the Federal Rules of Criminal Procedure, which relates to joinder of offenses, provides as follows:

> Two or more offenses may be charged in the same indictment, or information in a separate count for each offense, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

In the present case, the defendant acknowledges and the Court agrees that the acts upon which the charges are based are of the same or similar character. Accordingly, the Court finds that the offenses were properly joined. See Fed. R. Crim. P. 8(a).

Rule 14 permits severance of properly joined counts, if the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. Rule 14 expressly provides for the consideration of evidence beyond the mere face of the indictment in stating that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14.

In assessing the propriety of severance under Rule 14, the Court must balance public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases). In light of the preference for joint trials, when joinder is proper under Rule 8, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or

3

innocence." <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993).

In the present case, the defendant argues that he is prejudiced by a joint trial of all fourteen counts because the jury might improperly consider circumstantial evidence for some offenses to infer his guilt on others. He maintains that this is especially true for the most dated and weakest allegations. Moreover, he contends that he would be prejudiced by spillover evidence in a trial of the 2002 counts with the 2007 counts and that a limiting instruction could not adequately counter the prejudice of a consolidated trial.

The Court finds that the defendant has failed to show that undue prejudice would result from a single trial. Each count refers to a specific fire or fires: Pole Cat Fire One (Counts One and Two), Pole Cat Fire Two (Counts Three and Four), Pole Cat Fire Three (Counts Five and Six), Flint Fires One and Two (Counts Seven and Eight), Hawk Fire One (Counts Nine and Ten), Hawk Fire Two (Counts Eleven and Twelve), and Hawk Fire Three (Counts Thirteen and Fourteen). The Court finds that the potential for juror confusion or circumstantial evidence relating to one count being used to infer guilt on another is ameliorated by the references to the specific fires and even the different time frames to which the defendant points in arguing improper joinder. "Prejudicial joinder is particularly unlikely 'where it would not have been difficult for the jury to compartmentalize and distinguish the evidence concerning the different offenses charged.'" <u>United States v. Cody</u>, 498 F.3d 582, 587 (6th Cir. 2007) (quoting <u>United Statest v. Chavis</u>, 296 F.3d 450, 462 (6th Cir. 2002)). The references to specific fires in the counts of the present indictment will help the jury distinguish the evidence relating to each count from that relating to others. A limiting instruction would further secure against this problem. Thus, the Court finds that the defendant has failed to show that the prejudice or even the potential prejudice from a single trial outweighs the public's interest in

4

avoiding multiple trials. Accordingly, the defendant's Motion for Severance [**Doc. 22**] is **DENIED**.

## II. 404(b) EVIDENCE

The defendant summarily moves [Doc. 26] the Court to order the government to disclose pretrial any evidence of crimes, wrongs, or acts that it intends to use at trial pursuant to Rule 404(b), Fed. R. Evid. The defendant also requests a pretrial hearing to determine the admissibility of any 404(b)-type evidence that the government seeks to introduce at trial. The government responds [Doc. 30] that the Court has already ordered pretrial disclosure of 404(b) evidence in its Order on Discovery and Scheduling. It states that it will notify the defendant of its intent to use 404(b) evidence seven days before trial.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 7, para. I] orders the government, upon request, to give pretrial notice of the general nature of any 404(b) evidence that it intends to introduce at trial and states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. The defendant has stated no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling. The defendant's request for a pretrial hearing on the admissibility of 404(b) evidence is premature. Accordingly, the defendant's Motion for Pre-trial Written Disclosure of Evidence of Other Crimes, Wrongs or Acts, and for a Pre-trial Hearing on the Admissibility of Such Evidence [**Doc. 26**] is **DENIED**.

5

## III. DISCOVERY

The defendant has filed a request [Doc. 27] for seventeen enumerated categories of discovery that he argues are material to the preparation of his defense. His motion asks that the Clerk of Court file the request in the record but states that he waives a hearing on the issues until such time as a Motion to Compel Production is filed. The government responds [Doc. 32] that many of the defendant's requests are covered by the Court's Order on Discovery and Scheduling [Doc. 7]. It also notes that it is aware of its discovery obligations under Rule 16, Fed. R. Crim. P., and the relevant Supreme Court caselaw and that it will give the defendant all materials to which he is entitled.

The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." Brady, 373 U.S. at 87. The Court's Order on Discovery and Scheduling addresses the government's obligation in this regard:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

[Doc. 7, para. E] The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Furthermore, the government has acknowledged its duty to disclose exculpatory evidence. In light of these reasons and the fact that the defendant's request seeks no particular relief, the Court perceives that no further ruling is necessary at this time. Accordingly, the Court **DENIES** the defendant's Request for Discovery, Inspection, and Notice of Intent to Use

Evidence [**Doc. 27**].

## IV.  CONCLUSION

Accordingly, as the Court ruled at the October 30, 2007 hearing, the defendant's motions

[**Docs. 22, 26, 27**] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge

7