IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-95 |
| | ) | (VARLAN/GUYTON) |
| JOHN WESLEY IRONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's Motion In Limine To Exclude Defendant's Second Statement To Police Pursuant To Wong Sun v. United States And The Fruit Of The Poisonous Tree Doctrine [Doc. 76]. The government has filed a response in opposition [Doc. 78].

The parties appeared before the Court for an evidentiary hearing on other motions seeking to suppress evidence on October 30, 2007 [Docs. 36, 38]. This hearing was continued on December 11, 2007 [Docs. 43, 46]. On February 25, 2008, the defendant filed a motion [Doc. 52] to reopen the evidentiary hearing, which the Court granted, and an additional evidentiary hearing was held on May 5, 2008 [Docs. 62, 69].

1

## I. PARTIES' POSITIONS

The defendant is charged with fourteen counts of maliciously damaging and destroying government property while creating a substantial risk of injury to another and of setting fire to timber, relating to fires in the Cherokee National Forest on August 13, 2002 (counts 9-12), August 14, 2002, (counts 13-14), and March 31, 2007 (counts 1-8). By the present motion [Doc. 76], the defendant challenges the admissibility into evidence of his August 9, 2007 statement given to Forest Service Special Agent Russ Arthur ("Agent Arthur") on the ground that he gave the statement because of the coercive tactics of forestry agents on August 8, 2007. The defendant contends that the Court has suppressed the statement which he gave officers on August 8, 2007, and that the August 9, 2007 statement should also be barred since it was the "direct product" of the August 8, 2007 statement [Doc. 76]. The government responds [Doc. 78] that the defendant's August 9, 2007 statement is not fruits of the poisonous tree, the August 8, 2007 statement, because defendant gave it a day later and to a different officer.

## II. FACTS

In a prior filing [Doc. 72], this Court set out factual findings based on the totality of the testimony given at the evidentiary hearings on October 30, 2007, December 11, 2007 and May 5, 2008, as well as the testimony given at the detention hearing of August 23, 2007. Those factual findings are hereby incorporated herein by reference.

As to the issue placed before the Court by the present Motion [Doc. 76], the Court re-states the following, pertinent facts:

On August 8, 2007, Agent Arthur was a Special Supervisory Agent for the United States

2

Forest Service, involved in the investigation of arson fires in the Cherokee National Forest. Agent Arthur met with the defendant and Agent Jenny Davis ("Agent Davis") of the Forest Service that day outside Tellico Plains, Tennessee. Agent Davis told him that she had Mirandized the defendant and was in the process of taking defendant's statement. Mrs. Irons, the defendant's wife, was with Agent Arthur and was in handcuffs. The defendant was allowed to talk with Mrs. Irons, and then Agent Arthur interviewed the defendant. The defendant admitted to Agent Arthur that he was bothered by setting fire to Forest Service employee Rex Kelly's home and said that he would like to apologize to Rex Kelly. Agent Arthur called Rex Kelly and allowed the defendant to talk to him.

Agent Arthur stated that the defendant then finished giving his statement to Agent Davis. The defendant was shown the statement, flipped through it, and pointed out an error to Agent Davis. Agent Davis corrected the error, and then the defendant signed the statement. The defendant was then taken to the Blount County Jail, where he was booked around 4:25 p.m. on August 8, 2009. The defendant was detained.

Agent Arthur interviewed the defendant at the Blount County jail the next morning at 8:00 a.m. before the defendant's initial appearance. Agent Davis was not present. Agent Arthur asked the defendant whether he had hired an attorney, and the defendant said that he did not like attorneys. The defendant acknowledged that Agent Davis had advised him of his rights the previous day. The defendant then gave a three-page statement to Agent Arthur and signed it.

Agent Arthur also testified that he was with the defendant between 1:00 and 3:00 p.m. on the day of his arrest, August 8, 2007. He estimated that although the defendant was arrested around 10 a.m. and not booked until 4:25 p.m., the defendant was interviewed a total of only two to three hours over the course of that day.

3

Forest Service Officer Larry Brian Webb ("Officer Webb") testified that he arrived on the scene shortly after the defendant's arrest on August 8, 2007. His job was to transport the defendant to the interview location and then on to the jail. He was in the vicinity of Agent Davis while she interviewed the defendant, and he never heard the defendant ask for an attorney. After the interview and while in route to the Blount County Jail, Officer Webb called Pretrial Services Officer Twilla Tucker, who asked if the defendant wanted an attorney. Officer Webb asked the defendant, and the defendant said he did not think he needed an attorney and he did not like attorneys. Around 8:00 a.m. the next morning, August 9, 2007, Officer Webb heard the defendant say that he did not trust attorneys and did not think they were useful.

## III. ANALYSIS

The defendant argues that the August 9, 2007 statement made by the defendant to Agent Arthur should be excluded from admission at trial, because it was derived from the inadmissable statement given by the defendant the day before and thus is "fruit of the poisonous tree." The government maintains that the fruit of the poisonous tree doctrine does not apply because there was a "clean break" between the August 8 and 9 interviews of the defendant, the interviews were in different locations, and the second interview did not involve Agent Davis.

Our Supreme Court has held that both physical and verbal evidence obtained in derogation of the Fourth Amendment must be excluded from trial. Wong Sun v. United States, 371 U.S. 471, 485-86 (1963). The "fruit of the poisonous tree doctrine" excludes not only that evidence that was illegally seized, but all evidence gained from the "'exploitation'" of an illegal search and seizure unless that evidence is sufficiently attenuated from the illegal actions as to "'purge [it] of the

4

primary taint.'" Id. at 488 (citing Maguire, Evidence of Guilt, 221 (1959)).

The Court must consider several factors when determining the voluntariness of a second statement. These factors include intervening time, removal of the prisoner to a different place, and change in identity of interrogators. Oregon v. Elstad, 470 U.S. 298, 310 (1985). And see United States v. Daniel, 932 F.2d 517 (6th Cir. 1991) (Second interview, conducted on the day after first interview, was not tainted by any coerciveness present during first interview).

In the present case, after his arrest and interview on August 8, 2007, the defendant was taken to the Blount County Jail, booked and processed at approximately 4:25 p.m. The following day, August 9, 2007, at approximately 8:00 a.m., the defendant was interviewed at the Blount County Jail by Agent Arthur. After stating that he was aware of his rights, defendant answered questions by Agent Arthur and provided additional information regarding some of the fires he had set.

The Court found that the statement given to Agent Davis on August 8, 2007 was coerced [Doc. 72]. However, the Court finds that the defendant's statement on August 9, 2007, may be admitted into evidence, because there was a clean break between the two interviews, defendant was interviewed at a different location by Agent Arthur, and defendant was aware of his Miranda rights. Given these circumstances, the second confession does not constitute fruits of the poisonous tree.

5

## IV. CONCLUSION

After thoroughly considering the parties' filings on the present motion, the testimony at the evidentiary hearings, and the relevant caselaw, the Court **RECOMMENDS** that the defendant's Second Statement To Police Pursuant to Wong Sun v. United States and the Fruit of the Poisonous Tree Doctrine [**Doc. 76**] be **DENIED**.[1]

                                           Respectfully submitted,

                                           _s/ H. Bruce Guyton_
                                           United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).